Submitted September 28, 2015, reversed and remanded December 7, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOUIS LEONARD MENDOZA,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR9700728; A154920

386 P3d 671

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

**TOOKEY, J.**

Defendant appeals from a trial court order dismissing, for lack of jurisdiction, his request for DNA testing and appointment of counsel, ORS 138.690 to 138.697.[1] We agree with defendant that the trial court had jurisdiction to consider his requests and, accordingly, reverse and remand.

Defendant was convicted of multiple person felonies in 1997. In 2005, defendant wrote a letter to the judge who had presided over his trial requesting, among other things, DNA testing and appointment of counsel. A few weeks later, the judge's judicial assistant responded to defendant's letter. The response stated:

"[Y]ou were found guilty at trial and, after being sentenced to the Department of Corrections, this court no longer has jurisdiction to take action on your requests which include DNA testing. I will see that your correspondence is made part of the court's file * * *."

In 2013, the Oregon legislature passed Senate Bill (SB) 42 (2013), codified as ORS 138.697, which provides:

"(1) A person described in ORS 138.690 may appeal to the Court of Appeals from a circuit court's final order or judgment denying or limiting DNA (deoxyribonucleic acid) testing under ORS 138.692, denying appointment of counsel under ORS 138.694 or denying a motion for a new trial under ORS 138.696."

SB 42 also provided that, "if the circuit court has entered a final order * * * before the effective date of this 2013 Act, a party may appeal to the Court of Appeals * * * not later than 90 days after the effective date of this 2013 Act." Or Laws 2013, ch 152, § 2. Defendant timely filed a notice of appeal to this court pursuant to the provisions of SB 42 from the trial court's 2005 letter. The appellate commissioner granted the trial court leave to enter an appealable order, and it did so on October 30, 2013. The order stated, "For the reasons expressed in its letter from January 31, 2005, this court took

---

[1] ORS 138.690 to 138.697 have been amended since defendant petitioned the trial court for DNA testing and appointment of counsel; however, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

no action [on] defendant's request for DNA testing because it lacks jurisdiction."

On appeal, defendant argues that the trial court erred in dismissing, for lack of jurisdiction, his request for DNA testing and appointment of counsel. The state contends that, although the trial court had jurisdiction to consider a proper motion for DNA testing, it did not have jurisdiction to grant a request that failed to comply with the statutory requirements. We agree with defendant that the trial court had jurisdiction.

ORS 138.690 provides:

"A person may file in the circuit court in which the judgment of conviction was entered a motion requesting the performance of DNA (deoxyribonucleic acid) testing on specific evidence if the person has been convicted of * * * a felony in which DNA evidence could exist and is relevant to establishing an element of the offense."

ORS 138.692 (concerning motion requesting DNA testing)[2] and ORS 138.694 (relating to appointment of counsel for persons filing motion for DNA testing)[3] require supporting

---

[2] ORS 138.692 provides, in pertinent part:

"(1)(a) When a person files a motion under ORS 138.690 requesting the performance of DNA (deoxyribonucleic acid) testing on evidence, the motion must be supported by an affidavit. The affidavit must:

"(A) Contain a statement that the person is innocent of the offense for which the person was convicted;

"(B) Identify the evidence to be tested with as much specificity as is reasonably practicable and a theory of defense that the DNA testing would support. The evidence must have been secured in connection with the prosecution, including the investigation, that resulted in the conviction of the person; and

"(C) Include the results of any previous DNA test of the evidence if a previous DNA test was conducted by either the prosecution or the defense."

[3] ORS 138.694 provides, in pertinent part:

"(1) A person described in ORS 138.690 is entitled to counsel during all stages of the proceedings described in ORS 138.692, 138.696 and 138.697.

"(2) A person described in ORS 138.690 may file a petition in the circuit court in which the judgment of conviction was entered requesting the appointment of counsel at state expense to assist the person in determining whether to file a motion under ORS 138.690. The petition must be accompanied by:

"(a) A completed affidavit of eligibility for appointment of counsel at state expense; and

affidavits before the trial court may reach the merits of a defendant's motion. Nonetheless, under ORS 138.690, the circuit court in which the judgment of conviction was entered has jurisdiction to consider a defendant's motion for DNA testing. Furthermore, under ORS 138.694, a person may petition the trial court for the appointment of counsel to assist the person in filing a motion for DNA testing. Here, the trial court did not reach the merits of defendant's request for DNA testing or appointment of counsel because it dismissed his request for lack of jurisdiction. In other words, the trial court did not consider whether defendant's letter complied with the statutory requirements of ORS 138.692 and ORS 138.694 before dismissing defendant's request. Because the trial court had authority under ORS 138.690 to consider defendant's request, the trial court erred in dismissing defendant's request for lack of jurisdiction.

Reversed and remanded.

---

"(b) An affidavit stating that:

"(A) The person meets the criteria in ORS 138.690;

"(B) The person is innocent of the charge for which the person was convicted; and

"(C) The person is without sufficient funds and assets, as shown by the affidavit required by paragraph (a) of this subsection, to hire an attorney to represent the person in determining whether to file a motion under ORS 138.690."